UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JASMIN ASHLEY JOHNSON,

    *Plaintiff,*

v.           No. 1:22-cv-00122

HUNTER WARFIELD, INC.,

    *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:     OF COUNSEL:

BRIAN PONDER LLP    BRIAN L. PONDER, ESQ.
*Attorneys for Plaintiff*
200 Park Avenue, Suite 1700
New York, New York 10166

LIPPES MATHIAS LLP    BRENDAN H. LITTLE, ESQ.
*Attorneys for Defendant*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. __INTRODUCTION__

Plaintiff Jasmin Ashley Johnson ("Johnson" or "plaintiff") brought this action in the Supreme Court of the State of New York, Albany County ("Albany Supreme Court") on January 13, 2022.  In a single-page complaint, plaintiff brings claims against defendant Hunter Warfield, Inc. ("Hunter Warfield" or "defendant") for defamation, negligence, negligence *per se*, and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

In essence, Johnson claims that Hunter Warfield attempted to collect a debt from her that she allegedly does not owe.  Specifically, plaintiff alleges that Hunter Warfield "frequently attempted to collect $503" from her in the past year and reported this debt to consumer reporting agencies.  Plaintiff also alleges that she is "not liable to Defendant for any alleged debt of $503 by any agreement or law."  Lastly, plaintiff alleges that Hunter Warfield breached its duties to her under the FDCPA, which gave rise to claims under that statute, as well as defamation, negligence, and negligence *per se* claims.

On February 10, 2022, Hunter Warfield timely removed the case from Albany Supreme Court to this Court based on federal question jurisdiction. On February 15, 2022, Hunter Warfield moved to dismiss Johnson's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  The same day, plaintiff filed a motion to remand this case to Albany Supreme

2

Court.  On March 8, 2022, defendant opposed plaintiff's motion to remand.

Plaintiff did not file a reply brief for its remand motion, nor did she oppose

defendant's motion to dismiss.

Although this matter is only partially briefed, the filing deadlines have

expired and the Court will consider the parties' motions on the basis of the

submissions without oral argument.

## II. DISCUSSION

### A. Remand

A defendant may remove a civil action from state to federal court if the

latter has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal

court has original jurisdiction over cases "arising under the Constitution,

laws, or treaties of the United States."  28 U.S.C. § 1331.

An essential element of a federal court's subject matter jurisdiction is

standing.  Standing requires: (1) a "concrete and particularized injury"; that

is (2) "fairly traceable to the challenged conduct"; and (3) "is likely to be

redressed by a favorable judicial decision."  *Hollingsworth v. Perry*, 570 U.S.

693, 704 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

If a plaintiff is found to lack standing at any point in the case, the action

must be remanded.  *See* 28 U.S.C. § 1447(c); *see also Vera v. Saks & Co.*, 335

F.3d 109, 113 (2d Cir. 2003) ("A district court must remand a case to state

court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction").

Where "jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)).

Johnson argues that "the operative pleading references no tangible or intangible harm that [she] may have suffered as a result of Defendant's debt collection practices, which … courts have found to be insufficient under Article III." Dkt. 7 at 5. The Court disagrees. Plaintiff's complaint not only alleges that defendant's conduct proximately caused her "costs, loss of credit opportunities, and stress," it also alleges that plaintiff is entitled to actual damages. Dkt. 1-1 ¶ 7. At the motion to dismiss stage, these allegations are sufficient for Article III standing. *See Tescher v. Experian Info. Sols., Inc.*, 2022 U.S. Dist. LEXIS 31759, at \*14 (S.D.N.Y. Feb. 23, 2022) (finding that allegations of increased difficulty obtaining credit and emotional injuries were sufficient to support Article III standing).

As Hunter Warfield notes, the complaint alleges actual harm and damages to plaintiff as a result of defendant's alleged actions, not merely legal injury.

Plaintiff's allegations support a finding of Article III standing, and defendant

has met its burden of establishing that removal was proper.[1]

## B. **Motion to Dismiss**

Hunter Warfield moves to dismiss each of Johnson's causes of action for

failure to state a claim and Johnson, for her part, does not oppose the motion.

The Court agrees with defendant that the complaint must be dismissed.

"To survive a Rule 12(b)(6) motion to dismiss, the 'factual allegations must

be enough to raise a right to relief above the speculative level.'" *Ginsburg v.*

*City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).  Instead, the complaint must contain

sufficient factual matter that it presents a claim to relief that is plausible on

its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In assessing the plausibility of a complaint, it is "to be construed liberally,

and all reasonable inferences must be drawn in the plaintiff's favor."

*Ginsburg*, 839 F. Supp. 2d at 540.  The complaint may be supported by "any

---

[1] Although the parties do not raise the issue in their briefing, it is worth noting that remand is also improper because the complaint raises questions of federal law, specifically violations of the FDCPA.  Neither the removal statute, 28 U.S.C. § 1441, nor the supplemental jurisdiction statute, 28 U.S.C. § 1367, authorizes a federal court to remand claims over which it has original jurisdiction. *See Moore v. Keller*, 2017 WL 3822053, at *1 (N.D.N.Y. Aug. 31, 2017) (citing *Riano v. Town of Schroeppel ex rel. Town Bd. of Town of Schroeppel*, 2013 WL 5702263, at *7 (N.D.N.Y. Oct. 18, 2013) (collecting cases)).  Moreover, the state law claims are related to the federal claim such that they form part of the same case or controversy, and consideration of the 28 U.S.C. § 1367(c) factors supports exercising supplemental jurisdiction in this matter.  Indeed, the state law claims do not raise novel or complex issues of state law nor do they substantially predominate over the federal claim, the federal claim still remains, and there are no exceptional circumstances or compelling reasons for declining jurisdiction. *See id.* (citing 28 U.S.C. § 1367(c)).

written instrument attached to it as an exhibit, materials incorporated in it

by reference, and documents that, although not incorporated by reference, are

'integral' to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d

419, 422 (2d Cir. 2011).

1. **Plaintiff Fails to State a Claim for Violation of the FDCPA**

A violation under the FDCPA requires that: "(1) the plaintiff [must] be a

'consumer' who allegedly owes the debt or a person who has been the object of

efforts to collect a consumer debt, (2) the defendant collecting the debt must

be considered a 'debt collector,' and (3) the defendant must have engaged in

an act or omission in violation of the FDCPA's requirements." *Skvarla v.*

*MRS BPO, LLC*, 2021 U.S. Dist. LEXIS 129323, at *4 (S.D.N.Y. July 12,

2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60

(E.D.N.Y. 2017)).

Johnson simply alleges that Hunter Warfield attempted to collect a debt

from her that she did not owe and violated the FDCPA in the process. *See*

Dkt. 1-1 at ¶¶ 5-7. Nowhere does plaintiff identify the provisions of the

FDCPA that defendant allegedly violated, nor does she allege how defendant

did so. Alleging that a plaintiff does not owe a debt, coupled with vague

claims of an FDCPA violation, is insufficient to support a claim under the

FDCPA. *See, e.g.*, *Rosenberg v. Frontline Asset Strategies, LLC*, 2021 WL

6

3617672, at \*5 (E.D.N.Y. 2021); *Solovyova v. Grossman & Karaszewski PLLC*, 2021 WL 535209 (E.D.N.Y. 2021).

### 2. **Plaintiff Fails to State a Claim for Defamation**

To state a claim for defamation under New York law, a plaintiff must allege: (1) that the statement averred was defamatory; (2) that the statement was published by the defendant; (3) that the statement was communicated to a party who was not the plaintiff; and (4) the resultant injury to the plaintiff. *Chandok v. Klessig*, 648 F. Supp. 2d 449, 456 (N.D.N.Y. 2009).

Johnson fails to satisfy any of these elements.  Indeed, plaintiff has failed to identify any defamatory statements by Hunter Warfield, if, when, or where defendant published these statements, who defendant communicated any defamatory statements to, or how any defamatory statements injured her. Accordingly, plaintiff fails to state a claim for defamation.[2]

### 3. **Plaintiff Fails to State a Claim for Negligence**

To state a claim for negligence under New York law, a plaintiff must allege: (1) the existence of a legal duty to the plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damages.  *See Luina v. Katharine*

---

[2] Plaintiff's defamation claim also fails because it is based on an alleged violation of the FDCPA, which the Court has already determined is meritless. *See Sorenson v. MBI, Inc.*, 2019 U.S. Dist. LEXIS 119377, at \*23 (D. Conn. July 18, 2019) (holding that plaintiff's state law claim for negligence failed because it was based on a violation of the FDCPA which she had failed to state a claim for).

*Gibbs Sch. N.Y., Inc.*, 37 A.D.3d 555, 556 (Sup. Ct. App. Div. 2d Dep't 2007) (citing *Eiseman v. State of New York*, 70 N.Y.2d 175 (1987)).

Johnson fails to allege any details concerning duty, breach, or causation that could be sufficient to support a claim for negligence.  As noted, plaintiff's vague allegation that she does not owe a debt to Hunter Warfield is insufficient to allege a violation of the FDCPA.  It is also insufficient to allege a violation of "Reg. F." or the New York General Business Law ("GBL") § 601, two other statutes that plaintiff rattles off in passing.  Moreover, plaintiff has not alleged which of these statutes, if any, created a duty owed by defendant, nor any other applicable duties on defendant's part.  Lastly, plaintiff has failed to allege anything resembling a breach beyond defendant contacting her on a debt she allegedly does not owe.  This is insufficient to allege a claim for negligence.  *See Corazzini v. Litton Loan Servicing LLP*, 2010 U.S. Dist. LEXIS 27398, at *15-16 (N.D.N.Y. Mar. 23, 2010) (Dismissing negligence claim where plaintiff "never state[d] what the duty of care was owed by each Defendant, how the Defendants breached that duty and what damages Plaintiff suffered due to that breach").[3]

---

[3] As with plaintiff's defamation claim, her negligence claim also fails because it is based on an alleged violation of the FDCPA, which the Court has already determined is meritless. *See Sorenson*, 2019 U.S. Dist. LEXIS 119377, at *23.

4.  **Plaintiff Fails to State a Claim for Negligence *Per Se***

In New York, negligence *per se* requires that the plaintiff establish:

"1) that … she is among the class of people for whose particular benefit a

statute has been enacted; 2) that a private right of action would promote the

legislative purpose behind the statute; and 3) that creation of the right would

be consistent with the overall legislative scheme." *Fagan v.*

*AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 214 (E.D.N.Y. 2004).

As with her other causes of action, Johnson has failed to state a claim for

negligence *per se*.  Plaintiff has not articulated how she is among the class of

people for whose benefit any of the statutes mentioned has been enacted.

Moreover, she does not identify which provisions of either the FDCPA, Reg.

F, or GBL § 601 that Hunter Warfield violated, or how she would fit into any

group contemplated by these statutes.  Accordingly, plaintiff cannot establish

even the first element of a negligence *per se* claim and fails to state a claim.[4]

**III. CONCLUSION**

Therefore, it is

ORDERED that

1.  Plaintiff's motion to remand is DENIED;

2.  Defendant's motion to dismiss is GRANTED; and

---

[4] Like plaintiff's other state law claims, her negligence *per se* claim fails because it is based on an alleged violation of the FDCPA, which the Court has already determined is meritless.  *See Sorenson*, 2019 U.S. Dist. LEXIS 119377, at *23.

3. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly and close

the file.

IT IS SO ORDERED.


David N. Hurd
U.S. District Judge

Dated:  May 5, 2022
Utica, New York.